**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EAB GLOBAL, INC.,<br><br>2445 M Street, NW<br>Washington, D.C. 20037,<br><br>      Plaintiff,<br><br>v.<br><br>ALLIANCE UNIVERSITY,<br><br>2 Washington Street<br>New York, New York 10004,<br><br>      Defendant. | Case No. 1:24-cv-1303<br><br>**Jury Trial Demanded** |

**COMPLAINT**

COMES NOW Plaintiff EAB Global, Inc. ("EAB" or "Plaintiff") and, for its Complaint against Defendant Alliance University ("Alliance" or "Defendant") states as follows:

**PARTIES**

1. EAB is a provider of data-driven technology solutions incorporated under the laws of the State of Delaware, with a principal place of business in the District of Columbia at 2445 M St. NW, Washington, DC, 20037.

2. EAB is therefore a citizen of Delaware and the District of Columbia.

3. Upon information and belief, Alliance is a university incorporated as a charitable organization in the State of New York, with a principal place of business at 2 Washington St., New York, NY 10004.

4. Alliance is therefore a citizen of New York.

## JURISDICTION AND VENUE

5. Plaintiff incorporates by reference each and every allegation contained in each paragraph above.

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs and is between a citizen of New York and a citizen of both Delaware and District of Columbia.

7. This Court has personal jurisdiction over Alliance by virtue of the parties' consent to jurisdiction in this Court. *See* **Ex. 1**, ¶ 16 ("Governing Law; Survival").

8. Further, venue is proper in this Court pursuant to the parties' agreements (described below), which provide that, in the event of legal action arising from the parties' agreement, "[e]ach party irrevocably consents and submits to the exclusive jurisdiction of the state and federal courts situated in the District of Columbia." *Id.*

## STATEMENT OF FACTS AND ALLEGATIONS

9. EAB incorporates by reference each and every allegation contained in the above paragraphs.

### Enroll360 Program Order

10. On or about September 30, 2022, Alliance entered into a Program Order Form agreement with EAB to obtain certain marketing and enrollment services related to EAB's Enroll360 solution (the "Enroll360 Agreement"). A true and correct copy of the Enroll360 Agreement is attached as **Exhibit 2**.

11. The Enroll360 Agreement was made pursuant to the EAB Master Services Agreement, which was incorporated by reference into the Enroll360 Agreement and is attached as **Exhibit 1**. References herein to the Enroll360 Agreement shall include the EAB Master Services

Agreement.

12. Pursuant to the Enroll360 Agreement, Alliance and EAB agreed that Alliance would pay EAB for the Enroll360 services based on invoices that EAB submitted to Alliance on agreed upon dates. **Ex. 2** at Exhibit B ("Invoicing Schedule").

13. The Enroll360 Agreement contemplated an approximately three-year term, from September 30, 2022 to June 30, 2025, in which Alliance agreed to pay a total of $689,186.91, plus postage costs, media costs, list costs, and additional supplemental fees.

14. Under the terms of the Enroll360 Agreement, Alliance had the right to discontinue the Enroll360 software services effective June 30, 2024 ("Enroll360 Early Termination Date") upon written notice no less than 90 days prior to the Enroll360 Early Termination Date.

### Navigate Program Order From

15. On or about March 17, 2023, Alliance entered into a Program Order Form agreement with EAB to obtain certain software services related to EAB's Navigate solution ("Navigate Agreement). A true and correct copy of the Navigate Agreement is attached as **Exhibit 3**.

16. On March 27, 2023, the parties amended the Navigate Agreement to (1) waive the LMS Implementation One-Time Fee of $10,000, and (2) add an early termination provision to the Navigate Agreement.

17. The Navigate Agreement was also made pursuant to the EAB Master Services Agreement, which was incorporated by reference into the Navigate Agreement. **Ex. 1**. References herein to the Navigate Agreement shall include the EAB Master Services Agreement.

18. Pursuant to the Navigate Agreement, Alliance and EAB agreed that Alliance would pay EAB for the Navigate software services based on invoices that EAB submitted to Alliance.

**Ex. 3** ("Invoicing").

19. Further, the Navigate Agreement required Alliance to (1) pay all one-time fees for the first year—totaling $15,000—within 30 days of the signature of the Navigate Agreement (March 17, 2023), and (2) pay all program fees for the first year of service by October 31, 2023.

20. The Navigate Agreement, contemplated an approximately three-year term, from March 31, 2023 to March 30, 2026, in which Alliance agreed to pay a total of $162,599.61.

21. Under the terms of the Navigate Agreement, Alliance had the right to discontinue the Navigate software services effective September 30, 2024 ("Navigate Early Termination Date") upon written notice no less than 90 days prior to the Navigate Early Termination Date.

## The Agreements' Terms and Alliance's Failure to Pay

22. The Enroll360 Agreement and Navigate Agreement, each made pursuant to the EAB Master Agreement, (collectively, the "Agreements") require that Alliance pay EAB specified fees upon invoices issued by EAB for the agreed upon software services.

23. Pursuant to the Agreements, EAB provided the contracted-for software and related services and timely issued invoices to Alliance.

24. The Agreements required Alliance to remit full payment within 30 days of receipt. **Ex. 1**, ¶ 1 ("Fees and Payment"). The Agreement further states that overdue payments are subject to a late payment charge, compounded monthly, at the rate of the lesser of one percent (1%) per month or the maximum amount permitted by law. *Id.*

25. EAB fully performed its contractual obligations to Alliance.

26. Alliance failed to fully pay EAB for the software services provided.

27. As a result of Alliance's failure to make payments to EAB for the software services rendered, Alliance owes EAB a principal balance of $363,181.88, late fees, interest, and collection

costs, as specified in the Agreement and as available under applicable law. ***Id.***

28. Despite multiple demands for payment by EAB, Alliance has refused to pay the amounts due and owing.

## **COUNT I – BREACH OF CONTRACT**

30. EAB incorporates by reference each and every allegation contained in the above paragraphs.

31. Through the Agreements, EAB and Alliance executed valid, binding, and enforceable contracts for the provision of software services.

32. Alliance agreed to pay EAB for the software services it received.

33. Alliance accepted the software services EAB provided.

34. EAB issued and sent to Alliance invoices for the software services provided.

35. All other conditions precedent to EAB's claim for relief have been performed, have occurred, or have been waived.

36. Invoices sent to Alliance were due and payable within thirty (30) days from receipt. **Ex. 1**, ¶ 1 ("Fees and Payment").

37. The invoices that EAB submitted to Alliance were presumed to be accurate and fully payable on the terms contained therein unless disputed by Alliance within ten (10) business days of receipt of the invoice. **Ex. 1**, ¶ 2 ("Disputed Fees").

38. Pursuant to the Agreements, overdue payments are subject to a late payment charge, compounded monthly, of the lesser of one percent (1%) per month or the maximum amount permitted by law. **Ex. 1**, ¶ 1 ("Fees and Payment").

39. The Agreements further state that in the event Alliance fails to pay undisputed amounts owed, EAB may, without limiting its rights or remedies, suspend all services until such

amounts are paid in full. **Ex. 1**, ¶ 1 ("Fees and Payment").

41. EAB fully performed its obligations under the Agreements by providing the software services specified in the Agreements.

42. Despite multiple demands for payment, Alliance has failed to remit payment in full for the services provided by EAB or otherwise dispute the amounts owed. Accordingly, Alliance has materially breached the Agreements.

43. As a result of Alliance's breach of contract, EAB has suffered damages of approximately $363,181.88 and is owed principal, interest, late fees, and collection costs, which continue to accrue until this matter concludes.

WHEREFORE, EAB seeks a judgment against Alliance in an amount not less than $363,181.88 in compensatory damages, plus late fees, costs, pre-judgment/post-judgment interest, and such other and further relief as the Court deems appropriate and just.

## COUNT II – UNJUST ENRICHMENT

44. EAB incorporates by reference each and every allegation contained in the above paragraphs.

45. In the alternative to the claim for breach of contract, Alliance is liable to EAB for quantum meruit/unjust enrichment.

46. At all relevant times herein, EAB conferred a benefit on Alliance in the form of valuable software services.

47. Alliance voluntarily accepted, retained, and appreciated the benefit of the services that EAB provided.

48. EAB enriched Alliance by providing these services.

49. Alliance understood that EAB expected payment for the staffing services provided,

which is further evidenced by the fact that Alliance previously paid invoices for software services that EAB rendered.

50. The value of the unreimbursed services that EAB rendered to Alliance is approximately $363,181.88.

51. Alliance has not paid the amount owed and, therefore, continues to owe EAB for unreimbursed services provided.

52. Alliance's retention of benefits conferred under these circumstances for services rendered violates fundamental principles of justice, equity, and good conscience; these circumstances render Alliance's acceptance of the benefit inequitable unless Alliance pays EAB for the value of the benefits it received.

WHEREFORE, EAB seeks judgment against Alliance in an amount not less than $363,181.88 in compensatory damages, plus costs, pre-judgment/post-judgment interest, and such other and further relief as the Court deems appropriate and just.

## REQUEST FOR JURY TRIAL

Plaintiff EAB Global, Inc. respectfully requests a trial by jury on all matters herein.

Dated: May 3, 2024                                   Respectfully submitted,

                                                     EAB GLOBAL, INC.

                                                     By: */s/ Caitlin R. Convery*
                                                     Caitlin R. Convery, Bar No. 1047624
                                                     SHOOK, HARDY & BACON, LLP
                                                     1800 K Street, N.W., Suite 1000
                                                     Washington, D.C. 20006
                                                     Telephone: (202) 639-5603
                                                     Facsimile: (202) 783-4211
                                                     Email: cconvery@shb.com

                                                     *Attorney for Plaintiff EAB Global, Inc.*